UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ABDALLA KHALED,

    Petitioner,

v.                                        Case No. 8:08-cv-1622-T-23EAJ

SECRETARY, Department of Corrections,

    Respondent.
_____/

## **O R D E R**

Khaled petitions for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). In 2003 Khaled pleaded guilty to possessing cocaine with the intent to sell, for which he received a suspended sentence. In 2005 Khaled's community control was revoked and the suspended ten-year prison sentence was imposed. The federal petition challenges both the 2003 plea and the 2005 imposition of the suspended sentence. Numerous exhibits ("Respondent's Exhibit __") support the response (Doc. 10). The petition asserts five grounds. The respondent correctly argues that the four grounds that challenge the 2003 plea are time-barred.

The Anti-Terrorism and Effective Death Penalty Act created a limitation for a petition for the writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . ." 28 U.S.C.

§ 2244(d)(1)(A). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

On July 29, 2003, Khaled pleaded guilty and received a ten-year prison sentence, which the court suspended conditioned on Khaled's successfully completing two years of community control. Respondent's Exhibit 2. Because Khaled filed no appeal, the conviction was final thirty days later, which represents the time to appeal. Gust v. State, 535 So.2d 642 (Fla. 1st DCA 1988). Khaled's federal limitation started on August 28, 2003, and expired one year later in August, 2004. Consequently, Khaled is time-barred from challenging his 2003 guilty plea. Grounds one through four, which challenge the validity of the 2003 judgment, are barred from federal review.

On March 17, 2005, Khaled admittedly committed a third violation of community control, causing the court to revoke community control and impose the originally suspended ten-year prison sentence. Respondent's Exhibit 4 at 133. The respondent admits that, because Khaled challenged his ten-year sentence in a motion for post-conviction relief, the federal petition timely challenges the 2005 proceeding.[1]

## STANDARD OF REVIEW

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), governs this proceeding. Wilcox v. Florida Dep't of Corrections, 158 F.3d 1209, 1210 (11th Cir.

---

[1] Khaled is not able to use the 2005 proceeding to revive stale claims challenging the 2003 proceeding because the earlier judgment was not vacated. The respondent correctly argues that Ferreira v. Dep't of Corr., 494 F.3d 1286, 1293 (11th Cir. 2007), is inapposite.

- 2 -

1998), cert. denied, 531 U.S. 840 (2000). Section 2254(d), which creates a highly deferential standard for federal court review of a state court adjudication, states in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In Williams v. Taylor, 529 U.S. 362, 412-13 (2000), the Supreme Court interpreted this deferential standard:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied--the state-court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal Law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

"The focus . . . is on whether the state court's application of clearly established federal law is objectively unreasonable, . . . an unreasonable application is different from an incorrect one." Bell v. Cone, 535 U.S. 685, 694 (2002); Brown v. Head, 272 F.3d

- 3 -

1308, 1313 (11th Cir. 2001) ("It is the objective reasonableness, not the correctness per se, of the state court decision that we are to decide.").

In a per curiam decision without a written opinion the state appellate court affirmed (Respondent's Exhibit 15) the denial of Khaled's Rule 3.850 motion for post-conviction relief. The state appellate court's per curiam affirmance warrants deference under Section 2254(d)(1) because "the summary nature of a state court's decision does not lessen the deference that it is due." Wright v. Moore, 278 F.3d 1245, 1254 (11th Cir.), reh'g and reh'g en banc denied, 278 F.3d 1245 (2002), cert. denied sub nom Wright v. Crosby, 538 U.S. 906 (2003).

Khaled bears the burden of overcoming a state court factual determination by clear and convincing evidence. "[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). This presumption of correctness applies only to a finding of fact, not a mixed determination of law and fact. Parker v. Head, 244 F.3d 831, 836 (11th Cir.), cert. denied, 534 U.S. 1046 (2001). Consequently, this court must defer to the finding of fact in the state court's rejection of Khaled's post-conviction claim of ineffective assistance of counsel (Order Denying Motion for Post-Conviction Relief, Respondent's Exhibit 12).

**INEFFECTIVE ASSISTANCE OF COUNSEL**

Khaled claims ineffective assistance of counsel, a difficult claim to sustain. "[T]he cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." Waters v. Thomas, 46 F.3d 1506, 1511 (11th Cir. 1995) (en banc) (quoting Rogers v. Zant, 13 F.3d 384, 386 (11th Cir. 1994)).

Strickland v. Washington, 466 U.S. 668 (1984), governs an ineffective assistance of counsel claim:

> The law regarding ineffective assistance of counsel claims is well settled and well documented. In Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court set forth a two-part test for analyzing ineffective assistance of counsel claims. According to Strickland, first, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Strickland, 466 U.S. at 687, 104 S.Ct. 2052.

Sims v. Singletary, 155 F.3d 1297, 1305 (11th Cir. 1998).

Strickland requires proof of both deficient performance and consequent prejudice. Strickland v. Washington, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); Sims v. Singletary, 155 F.3d at 1305 ("When applying Strickland, we are free to dispose of ineffectiveness claims on either of its two grounds."). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland v. Washington, 466 U.S. at 690. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Strickland v. Washington, 466 U.S. at 690. Strickland requires that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Strickland v. Washington, 466 U.S. at 690.

Because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment," Khaled must demonstrate that error by counsel prejudiced the defense. Strickland v. Washington, 466 U.S. at 691-92. To meet this burden, Khaled must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland v. Washington, 466 U.S. at 694.

Strickland cautions that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." Strickland v. Washington, 466 U.S. at 690-91. Khaled cannot meet his burden merely by showing that the avenue chosen by counsel proved unsuccessful:

> The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. . . . We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

White v. Singletary, 972 F.2d 1218, 1220-21 (11th Cir. 1992). Accord Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000) ("To state the obvious: the trial lawyers, in every case, could have done something more or something different. So, omissions are inevitable. . . . [T]he issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.' ") (en banc) (quoting Burger v. Kemp, 483 U.S.

776, 794 (1987)).  See also Jones v. Barnes, 463 U.S. 745, 751 (1983) (counsel has no duty to raise a frivolous claim).

Khaled must prove that the state court's decision was "(1) . . . contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States or (2) . . . based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).

The state court recognized that Strickland governs a claim of ineffective assistance of counsel.

> When ineffective assistance is alleged, the burden is on the person seeking collateral relief to allege the grounds for relief specifically and to establish whether the grounds resulted in prejudice.  Effective assistance of counsel does not mean that a defendant must be afforded errorless counsel or that future developments in law must be anticipated.  Meeks v. State, 382 So. 2d 673 (Fla. 1980).  In Strickland v. Washington, the U.S. Supreme Court provided the following standard for determining ineffective assistance of counsel:
>
>> The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.  A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction . . . has two components.  First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing the errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable . . . .  The proper standard for attorney performance is of reasonably effective assistance.
>
> Strickland v. Washington, 466 U.S. 668, 686-687 (1984).

> In Downs v. State, the Florida Supreme Court stated that a defendant must prove prejudice affirmatively. See Downs v. State, 453 So. 2d 1102 (Fla. 1984). The test for prejudice is:
>
>> That there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.
>
> Strickland, 466 U.S. at 694.

Respondent's Exhibit 7 at 38-39 (ellipsis original). Because the state court correctly recognized that Strickland governs a claim of ineffective assistance of counsel, Khaled cannot meet the "contrary to" test in Section 2254(d)(1). Khaled instead must show that the state court unreasonably applied Strickland or unreasonably determined the facts.

Ground Five:

Khaled alleges that counsel was ineffective for advising him that by admitting the community control violation Khaled would receive a sentence of only thirty-seven months, not ten years. The state court held an evidentiary hearing and rejected this claim as follows:

> In ground five of his Motions, Defendant alleges ineffective assistance of counsel for misadvising Defendant as to the sentence he would receive after entering a plea to the violation of community control. Specifically, Defendant contends that, had he known he would [not][2] receive a 37-month sentence upon entering an open plea, he would not have entered that plea, and would have proceeded instead to a violation hearing. At the evidentiary hearing, counsel testified that he never told Defendant he would receive a 37-month sentence, but rather informed Defendant that he would "almost undoubtedly" receive a ten (10) year sentence, as this was his third violation of probation and he faced a ten (10) year suspended sentence. The Court finds this testimony to be credible, and finds that Defendant has failed to demonstrate how counsel's performance was deficient. As such,

---

[2] Inclusion of "not" is required based on Khaled's claim, a review of the evidentiary hearing, and the context of the entire order.

> the Court finds that Defendant warrants no relief on ground five of his Motions for Post-Conviction Relief.

Respondent's Exhibit 12 at 164-65 (citation to record omitted). The state court's credibility determination (that counsel's testimony was credible over that of Khaled) and the factual determination (that counsel never represented that Khaled would receive a thirty-seven month sentence by admitting the community control violation) bind this court. Baldwin v. Johnson, 152 F.3d 1304, 1316 (11th Cir. 1998) ("We must accept the state court's credibility determination and thus credit [counsel's] testimony over [petitioner's]."), cert. denied, 526 U.S. 1047 (1999), and Devier v. Zant, 3 F.3d 1445, 1456 (11th Cir. 1993) ("Findings by the state court concerning historical facts and assessments of witness credibility are, however, entitled to the same presumption accorded findings of fact under 28 U.S.C. § 2254(d)."), cert. denied, 513 U.S. 1161 (1995). See also 28 U.S.C. § 2254(e)(1) ("[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."). Khaled presents no basis for rejecting the state court's credibility and factual determinations. Khaled fails to show that the state court unreasonably applied Strickland.

Accordingly, Khaled's petition for the writ of habeas corpus (Doc. 1) is **DENIED**. The clerk shall enter a judgment against Khaled and close this case.

ORDERED in Tampa, Florida, on March 5, 2009.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE